# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Public Warehousing Company, K.S.C. ) ASBCA No. 58088
)
Under Contract No. SPM300-05-D-3128 )

APPEARANCES FOR THE APPELLANT: Michael R. Charness, Esq.
Bryan T. Bunting, Esq.
Elizabeth Krabill McIntyre, Esq.
Vinson & Elkins, L.L.P
Washington, DC

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
DLA Chief Trial Attorney
John F. Basiak, Jr., Esq.
Keith J. Feigenbaum, Esq.
Kari L. Scheck, Esq.
DLA Troop Support
Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
## ON THE GOVERNMENT'S MOTION FOR LEAVE TO AMEND

The government has filed a motion seeking leave to amend its answer to plead affirmative defenses of fraud in the inducement, first material breach, sovereign acts doctrine, political question doctrine, assumption of risk, and failure to mitigate. We grant the motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. Public Warehousing Company, K.S.C. (PWC) performed the subsistence prime vendor contract referenced above, which required it to deliver food, beverages and related items to military units and other authorized customers in Iraq (compl. ¶ 6; gov't SOF ¶ 3).

2. PWC transported the food and other items on trucks that traveled in convoys. It contends that, starting in December 2007, U.S. military personnel required it to provide extra semi-truck tractors ("bobtails") on the convoys; the bobtails were used to recover appellant's assets as well as the assets of other contractors. (Compl. ¶¶ 12, 16-17) Appellant contends that it had no choice but to comply because the government would not have allowed its trucks in the convoy (id. ¶¶ 17-18).

3. On 24 October 2011, PWC submitted a certified claim to the contracting officer seeking about $7.5 million.

4. In its proposed fraud in the inducement defense, the government contends that PWC obtained the contract by submitting artificially low prices in its proposal that rose significantly after award (proposed amended answer at 12-13). The government seeks to add four first material breach defenses, namely: systemic overcharging by not purchasing from requested/preferred vendors; manipulation and inflation of delivered price through the use of the company Interchange Port Services; manipulation and inflation of delivered price by concealing discounts and allowances; and failure to pass on rebates and discounts (*id.* at 13-18). The government also seeks to add affirmative defenses based on the sovereign acts and political question doctrines, as well as assumption of risk, and failure to mitigate (*id.* at 18-20).

5. In November 2009, a grand jury in the Northern District of Georgia issued an indictment against PWC for various fraud offenses arising from the contract at issue. That case is still pending. The government's proposed fraud in the inducement and first material breach affirmative defenses appear to be based on the allegations in the indictment (gov't reply, ex. 1). For example, count one of the indictment alleges a scheme to obtain the contract by submitting artificially low prices in PWC's proposal with the recognition that the prices were not realistic (*id.* at 12-20), which is similar to the government's proposed first affirmative defense in this appeal.

6. Appellant filed this appeal on 20 April 2012. The Defense Logistics Agency (DLA) filed its answer on 13 July 2012. DLA was aware of the indictment at the time it filed its answer (gov't reply at 9).

## DECISION

Under Board Rule 6(d), we "may permit either party to amend its pleading upon conditions fair to both parties." In exercising our discretion under this rule, the Board has looked to Rule 15 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 15(a)(2) provides that "[t]he court should freely grant leave when justice so requires."

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court held that:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

In this motion, the primary questions are whether there has been undue delay on the part of the government and whether appellant has been prejudiced. Because appellant filed this appeal more than two years after the indictment, the government could have raised these affirmative defenses in its July 2012 answer. Thus, there has been a delay of over four years. By way of excuse, the government offers two reasons. First, there have been several other appeals involving DLA and PWC that have required a great deal of work by DLA attorneys in recent years (gov't mot. at 9-11). Second, it contends that until the Court of Appeals for the Federal Circuit issued its decision in *Laguna Construction Co. v. Carter*, 828 F.3d 1364 (Fed. Cir. 2016), the law with respect to first material breach was unsettled and that it filed its motion to amend roughly six weeks after the Federal Circuit issued that decision. DLA contends that it was not in a position to file the affirmative defenses until either *Laguna* or the criminal case had been resolved. (Gov't reply at 9)

While we believe that DLA could have acted more quickly to seek leave to plead these affirmative defenses, an examination of the entire record of litigation between DLA and PWC on this contract leads us to conclude that PWC has not been prejudiced by any delay. The record demonstrates that the government's interest in preventing appeals at the Board from interfering with the criminal case and, consequently, using that as a basis to stay or dismiss appeals on the same contract, has long been known, as follows:

- In *Public Warehousing Co., K.S.C.,* ASBCA No. 56116, 08-1 BCA ¶ 33,787, we granted a government motion to stay to allow the Department of Justice to complete the criminal investigation. In that decision we found that "[i]t is clear to us...that PWC's primary purpose in wishing to proceed with the appeal is to use the Board's decision to influence the direction of the on-going investigations, and to help its position in potential settlement discussions." *Id.* at 167,229.

- In *The Public Warehousing Co.,* ASBCA No. 56022, 13 BCA ¶ 35,201, the government moved to dismiss or to place limitations on depositions after PWC was found to be live streaming the contracting officer's deposition to PWC's criminal counsel, who apparently were sending questions for appellate counsel to ask the contracting officer. The Board denied the motion to dismiss but placed limits on the depositions going forward.

- In *Public Warehousing Co., K.S.C.,* ASBCA No. 58078, 14-1 BCA ¶ 35,574, we dismissed without prejudice an appeal by PWC after the United States Attorney for the Northern District of Georgia requested that DLA seek dismissal due to his concern that proceeding with that appeal would compromise and interfere with the ongoing criminal case.

- Finally, in PWC's appeal docketed as ASBCA No. 59020, the government amended its answer as a matter of right on 22 July 2016 to assert affirmative defenses of fraud in the inducement and first material breach.

3

In *Laguna Construction Co.,* ASBCA No. 58324, 13 BCA ¶ 35,464, we observed that the relevant factor is not prejudice but "undue prejudice." We held that appellant could not claim surprise when the government had filed an affirmative defense of fraud in an earlier appeal on the same contract. *Id.* Given the history we outlined above, PWC could not have been surprised by the government seeking leave to amend its answer to assert affirmative defenses.

Further, we agree with the government that its delay in filing these affirmative defenses is excused at least in part by the still pending criminal case and the appeal to the Federal Circuit of our decision in *Laguna,* in which we granted the government summary judgment due to the contractor's first material breach. The Federal Circuit affirmed our decision on 15 July 2016, *Laguna,* 828 F.3d 1364, which removed one layer of uncertainty. The government sought leave to amend in August 2016, the month following the issuance of *Laguna.* Thus, the government moved promptly after the Federal Circuit issued its decision.

PWC makes a number of contentions in its opposition. First, it contends that DLA is acting in bad faith and for dilatory reasons. It contends that DLA is not just seeking to amend its answer but to "put a stop" to the appeal. In fact, after PWC filed its opposition, DLA filed a motion to dismiss without prejudice pending resolution of the criminal case, or to stay, under Board Rule 18. Thus, while it is true that DLA is seeking to put a stop to this appeal, at least temporarily, we do not consider this to be bad faith. Rather, DLA is seeking an application of the Board's existing rules.

Second, PWC contends that DLA is guilty of undue delay, and that it "tarried for over four years before proffering its amendment" (app. resp. at 2). We addressed this above. We add one further point. In addition to the pendency of the criminal case and the *Laguna* Federal Circuit appeal, examination of the docket in this appeal supports the government's contention that the parties have been focused on other appeals, which helps explain the length of time this appeal has been pending. Other than a notice of appearance, neither party filed anything that brought this appeal closer to resolution for the more than two-year period from 25 September 2012 until 26 November 2014, when PWC filed a motion to compel. Other than briefing the motion to compel, there were no filings in 2015 either. The docket indicates that the parties prioritized other appeals.

Third, PWC contends that the addition of these affirmative defenses to this case will require additional discovery and likely will require postponement of the hearing. However, PWC is already facing the same fraud in the inducement and first material breach defenses on this same contract in ASBCA No. 59020. Thus, it likely will have to do much of this discovery anyway. Moreover, while a postponement of the hearing would not be optimal, the events at issue stem back to December 2007; a short to moderate postponement of the hearing is unlikely to make much difference in our view.

Fourth, PWC contends that the government has waived the affirmative defenses by continuing performance of the contract after it was on notice of the acts that it now contends were fraud and/or breach. However, we cannot determine whether this is correct without plunging into the facts. The merits hearing will be the time and place to do that, not the government's motion for leave to amend.

## CONCLUSION

The government's motion for leave to amend is granted. We accept the proposed answer as filed.

Dated: 8 November 2016

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58088, Appeal of Public Warehousing Company, K.S.C., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5